UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Jeremy Krausslach

**On behalf of Himself and
all others similarly situated,**

**Plaintiffs**

v.

Case No. 22-cv-441 _____

**Restoration Holdings, Inc.
Todd Frank**

**Defendants.**

## COMPLAINT

Plaintiff, by his attorneys, for his Complaint against Defendants states as follows:

1. This is an individual and collective action under the Fair Labor Standards Act against both Defendants, as well as an individual and class action pursuant to Wis. Stat. §109.03(1) and (5) and §103.455 against Restoration Holdings, Inc. ("Restoration Holdings") to recover (a) minimum wages and overtime wages that were not paid because of deductions that Defendants made from their employees' wages to cover their own losses; (b) wages that Restoration Holdings deducted from its employees' wages to cover its own losses without complying with the procedures of §103.455; and (c) straight time and overtime wages that Plaintiff should have received but for improper deductions from his work time for meal breaks that he worked through.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq; as well as

1

supplemental jurisdiction over the Plaintiff's claims that arise under Wisconsin law in that the Wisconsin law claim challenge the same policies and practices as the FLSA claim.

3. This Court has personal jurisdiction over Defendants pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure because they are subject to the jurisdiction of a court of general jurisdiction in the State of Wisconsin, while the Eastern District of Wisconsin is located within Wisconsin.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the Defendants reside in the Eastern District of Wisconsin, and the events at issue that pertain to the Named Plaintiff occurred in the Eastern District of Wisconsin.

## THE PARTIES

5. Named Plaintiff Jeremy Krausslach was employed by Restoration Holdings to perform disaster restoration services and other work at client sites. Krausslach's FLSA consent form is being filed with the Court at the same time that this Complaint is filed with the Court.

7. Restoration Holdings is a Wisconsin corporation that holds nine franchises of Servicemaster Restore and/or Servicemaster Recovery Management, all of which are located in Wisconsin and Minnesota. Through these franchises Restoration Holdings performs disaster restoration services throughout and outside Wisconsin. Restoration Holdings' main office is located in Green Bay, Wisconsin.

8. Todd Frank is the owner of Restoration Holdings, as well as the owner of each of the franchises held by Restoration Holdings. In that capacity Frank is ultimately responsible for the hiring and firing of Restoration Holdings' employees, and to set the policies and practices of Restoration Holdings pertaining to its employees, including each of the policies and practices that are at issue in this lawsuit.

2

9. Defendant Restoration Holdings is an employer within the meaning of Wis. Stat. §109.03(1). At all relevant times between August of 2018 to the present, Restoration Holdings has had annual gross volume of sales of not less than $500,000.

## FACTS

10. During each day that Plaintiff worked for Defendants, 30 minutes were automatically deducted from Plaintiff's work time for a meal break.

11. The 30 minutes were deducted from Plaintiff's hours worked even on days when Plaintiff reported to Defendants that he had not taken a meal break during the workday.

12. Defendants have never promulgated, and/or have never made any attempt to enforce any policies that required their employees to take 30 minutes for a meal break.

13. On the Plaintiff's final biweekly paycheck received from Defendants, he was credited with 112 hours worked, including 32 hours of overtime worked, so that his gross straight time and overtime wages, not counting per diems, were $2,368.

14. Defendants deducted a total of $1,951.54 from Plaintiff's final paycheck for losses that they incurred because they had to clean the Plaintiff's vehicle used to perform work for Defendants, or because of repair costs for damages sustained by the Defendants' vehicles while they were driven by Plaintiff.

15. The deductions resulted in Plaintiff receiving on average less than $7.25 per hour for each of the 112 straight and overtime hours that he worked during his final two weeks.

16. Plaintiff has never made any writing, after the loss and prior to the deduction, that authorized the deduction of any of the $1,951.54 that was deducted from his final paycheck.

17. Plaintiff has never, through a representative, agreed to the deduction of any of the $1,951.54 that was deducted from his final paycheck.

3

18. No Court of competent jurisdiction has ever found that Plaintiff to be guilty, liable or responsible for any of the damages to vehicles or the condition of vehicles, which resulted in the losses that led to Defendants deducting $1,951.54 from Plaintiff's final paycheck.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated of the employees who were subject to the same Restoration Holdings' policy of making deductions from its employees' paychecks to cover losses sustained by Restoration Holdings, resulting in them receiving less than full minimum wages and overtime pay required by the FLSA.

20. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Plaintiff, in that the Court can determine on a uniform basis whether an employer can act as a creditor by making deductions from the employee's wages for losses that it sustained, which resulted in the employee receiving less than the minimum wage and overtime pay required by the FLSA.

21. The claims of Plaintiff are representative of the claims of members of the proposed collective action in that he just like all members of the proposed collective action had deductions made from his wages for losses sustained by his employer, which resulted in him receiving less than full minimum wages and overtime pay required by the FLSA.

## CLASS ALLEGATIONS

22. Plaintiff seeks to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees employed by Defendant Restorative Holdings at any of its Wisconsin franchise locations who, during the time period of April 11, 2020 to the

4

present, had any amounts deducted from their wages for losses suffered by Restoration Holdings, though they did not authorize the deduction in writing after the loss and before the deduction, though they did not agree through a representative to the deduction, and though no court had ever found them to be guilty or liable for the loss.

23. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief Plaintiff believes that there are at least 40 members of the proposed class who satisfy the class definition outlined in paragraph 22 of the Complaint.

24. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a) Whether Wis. Stat. §103.455 applied to deductions that Restoration Holdings made from the pay of its employees because of losses that it sustained;

(b) Whether an authorization for deduction under §103.455 must be given after the loss was sustained, but before the wages were paid to the employee;

(c). Whether demonstrating as a part of this proceeding that an employee is responsible for a loss is too late for the purpose of defending against a §103.455 unlawful deduction claim;

(d). Whether Wisconsin law allows an employer to make deductions from its employees' wages to cover its losses, which resulted in the employee receiving less than the minimum wage and overtime pay required by Wisconsin wage laws; and if not whether the failure to pay such minimum wages and overtime pay violated Wis. Stat. §109.03(1), so that the employee is entitled to bring an action to recover such wages under §109.03(5);

(c) How to measure damages and liquidated damages sustained by class members if Restoration Holdings did violate §103.455 and/or §109.03(1).

25. Plaintiff's claims are typical of those of the Rule 23 class in that he, just like each member of the proposed classes that he seeks to represent, had amounts deducted from his wages

for losses sustained by Restoration Holdings though he never timely authorized the deductions in writing, though he never agreed through a representative to the deductions, and though no Court has ever found him to be guilty, liable, or responsible for the losses that led to the deductions; and in that the deductions resulted in him receiving less than full minimum wages of $7.25 per hour plus full overtime pay for his hours worked.

26. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in complex wage and hour litigation, including having previously successfully represented employees on §103.455 claims.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Damages sustained by class members because of Restoration Holdings' violations of §103.455 and §109.03(5) pale in comparison to the costs of litigating their individual claims, in particular when §103.455 does not authorize fee shifting to the prevailing plaintiff. Class certification is also superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the applicability and interpretation of the relevant statutes.

**COUNT I.** **CLAIM FOR UNPAID MINIMUM WAGE AND OVERTIME PAY UNDER THE FLSA.**

28. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-27 of the Complaint.

29. Defendants violated the FLSA by deducting 30 minutes from the Plaintiff's hours worked for meal breaks on days when Plaintiff informed Defendants that he had worked through his meal breaks.

30. Because Defendants failed to provide to Plaintiff an effective mechanism to report that he had worked through his meal break, so that 30 minutes should not be deducted from his hours worked, they are required to add 30 minutes to the Plaintiff's hours worked on each day that his meal break was sufficiently interpreted with work, so that he was unable to eat an uninterrupted meal without getting indigestion.

31. Had Defendants made only appropriate deductions from Plaintiff's hours worked for meal breaks, Plaintiff would have been credited with additional hours worked over 40 per week, so that he is entitled to additional overtime pay because of the unlawful deductions of meal breaks that he did not take from his hours worked.

32. On Plaintiff's final paycheck, Defendants made sufficient deductions from Plaintiff's wages to cover losses that it sustained, so that the Plaintiff did not receive the full minimum wage of $7.25 per hour for each hour that he worked during his final two weeks of work for Defendants.

33. On Plaintiff's final paycheck, Defendants made sufficient deductions from Plaintiff's wages to cover losses that it sustained, so that Plaintiff did not receive full overtime pay, equal to 1.5 times his regular rate, for each overtime hour that he worked during his final two weeks of work for Defendants.

34. Defendants violated the FLSA by failing to pay to Plaintiff, on his final paycheck, the full minimum wage and overtime pay required by the FLSA.

35. Because the Defendants had no reasonable grounds for believing that it could either deduct from Plaintiff's hours worked meal breaks that they knew he worked through; or that it could make deductions from Plaintiff's wages to cover its own losses so that Plaintiff did not receive the minimum wage and overtime pay required by law, Plaintiff is entitled to full liquidated

7

damages, while any members of the collective who opt in are entitled to the application of the three years statute of limitations for willful violations.

36. Since Defendant Todd Frank was Plaintiff's employer and was responsible for designing and implementing the policies that caused Plaintiff's injuries, Frank should be held jointly and severally liable for all FLSA damages that Restoration Holdings owes to Plaintiff and members of the proposed collective.

37. Plaintiff is additionally entitled to his reasonable attorneys' fees incurred in prosecuting this first cause of action.

## COUNT II: CLAIM FOR UNPAID WAGES BROUGHT PURSUANT TO §109.03(5).

38. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-37 of the Complaint.

39. Under Wisconsin law, Plaintiff is entitled to be paid for all meal breaks during which he did not receive the full 30 minutes to eat a meal.

40. Pursuant to Wis. Stat. §103.02, Plaintiff is entitled to wages at the full agreed upon rate rather than the minimum wage for each and every hour of straight time work for which he has not received compensation. Plaintiff therefore is entitled to additional straight time pay for meal breaks that were improperly deducted from his hours worked whether counting the meal breaks would have increased his hours worked over 40 for the week or not.

41. Plaintiff is additionally entitled to all overtime pay he should have received for instances when counting his improperly deducted meal breaks would have increased the number of hours that he worked over 40 for the week.

42. Defendants made deductions from Plaintiff's wages to cover its losses, which resulted in Plaintiff not receiving both full minimum wages required by DWD §272.03(1) and overtime pay required by DWD §274.03.

43. By failing to pay to the Plaintiff all minimum wages, straight time wages and overtime wages that are either required by law and/or by the parties' agreement within 31 days of when the wages were earned, Restoration Holdings violated Wis. Stat. §109.03(1), so that Plaintiff is entitled to maintain a lawsuit against Restoration Holdings for all wages owed to him, along with liquidated damages of 50% and his actual attorneys' fees and costs of filing and prosecuting this lawsuit.

**Count III.  Improper Deductions from Wages in Violation of Wis. Stat. §103.455.**

44. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-43 of the Complaint.

45. Restoration Holdings made deductions from Plaintiff's final paycheck to cover losses that it sustained, which it believed Plaintiff was at fault for.

46. Restoration Holdings made deductions from Plaintiff's final paycheck though he never authorized the deductions in writing after the losses were sustained and before the deductions were made, though he never through a representative agreed to the deductions, and though no court had found, prior to the deduction, that he was guilty, liable, or responsible for causing the losses.

47. Restoration Holdings' made deductions of wages from Plaintiff's final paycheck to cover its losses without complying with the mandatory procedures required by Wis. Stat. §103.455, thus entitling Plaintiff to all wages that were unlawfully deducted, plus an equal amount as liquidated damages.

WHEREFORE, the Plaintiff respectfully request the Court to enter an order that:

a. Finds that both Defendants are jointly and severally liable to him, along with all members of the proposed collective action for overtime wages and liquidated damages for all minimum wages and overtime pay owed to them, along with his attorneys' fees and costs incurred in prosecuting the FLSA claims;

b. Finds that Restoration Holdings is liable to him for the full amount deducted from his final paycheck to cover its losses, or alternatively unpaid minimum wage and overtime pay, plus straight time and overtime wages for meal breaks that he worked through, plus liquidated damages and attorneys' fees and costs as appropriate, pursuant to Wis. Stat. §103.455, §109.03(5), and §109.11(2);

c. Grants to him such further relief as the Court deems just and proper.

Dated this 11th day of April, 2022.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Attorney for Plaintiffst
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308

# Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, Jeremy Krausslach, hereby consents to participate in the lawsuit against Restoration Holdings, Inc., any other corporate entities that owned or held the Servicemaster RRH Green Bay franchise, along with their owners and managing agents ("Employer") under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me all minimum wage and overtime pay required by the Fair Labor Standards Act; so that I am consenting to join in a lawsuit for unpaid minimum wages, overtime wages, attorneys' fees and costs against Employer.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 4/4/2022

Signed: *[signature]*