UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**JEREMY KRAUSSLACH,**

**On behalf of Himself and
All other similarly situated,**

       **Plaintiff,**

v.                                               Case No. 22-cv-00441

**RESTORARTION HOLDINGS, INC.
and TODD FRANK**

       **Defendants.**

---

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

---

The parties, by their attorneys, for their Joint Motion for Approval of Their FLSA Settlement state as follows:

1. The parties have agreed to resolve the above captioned case by Defendant Restoration Holdings making a payment of $15,000 to the Plaintiff Jeremy Krausslach. The settlement agreement characterizes $5,000 out of the $15,000 as the payment of back wages and liquidated damages to Krausslach, and $10,000 as the payment of attorneys' fees and costs. A copy of the settlement agreement is attached to this motion as exhibit 1.

2. The parties are seeking Court approval for their settlement of Krausslach's claims arising under the Fair Labor Standards Act only. The parties are not separately seeking Court approval for their settlement of Krausslach's claims arising out of Wis. Stat. §109.03(5) and §103.455 because no caselaw requires Court approval for individual settlements of those claims.

1

3. Claims for unpaid wages and liquidated damages brought pursuant to the Fair Labor Standards Act cannot be waived solely through a private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704–07 (1945); Wis. Stat. §109.03(5). When deciding whether a settlement of a FLSA claim should be approved, the Court should focus on whether the parties are resolving claims that are subject to bona fide dispute, or whether the settlement would result in employees waiving undisputed claims. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (When approving a settlement under the FLSA the Court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions). In this case, the parties' settlement of Krausslach's FLSA claims should receive the Court's approval because the parties' settlement agreement provides Krausslach with full relief for those claims.

4. The Operative Complaint advances three FLSA claims against Restoration Holdings and Todd Frank. (Docket #13, ¶¶41-47) The main FLSA claim advanced is that as a result of deductions that Restoration Holdings made from his pay, Krausslach received 17 cents for working 80 straight time hours and 32 overtime hours during the biweekly period of February 27, 2022 through March 12, 2022. (Id., ¶¶45-47; Ho Dec. ¶2; Ex. 1) The FLSA entitles an employee to the minimum wage rather than full straight time hours for his first 40 hours worked each week. *U.S. v, Klinghoffer Bros. Realty Co*., 285 F. 2d 487, 490 (2nd Cir. 1959). Since Krausslach's straight time wage rate in February and March of 2022 was $18.50 per hour, under his theory of the case he is entitled to minimum wages and overtime wages equal to $7.25 x 80 + $18.50 x 1.5 x 32, or $1,468. (Ho Dec. Ex. 1) Krausslach is therefore owed $1,468 - $0.17, or $1,467.83. Adding FLSA liquidated damages increases Krausslach's recovery to $2,935.66.

5. Krausslach also advances the FLSA claim that he is entitled to be paid for two half hour meal breaks that were deducted from his hours worked, though on both days he took multiple

short breaks rather than a single bona fide meal period. (Docket #13, ¶44; Ho Dec. ¶3) This claim arose in October of 2021, when Krausslach's wage rate was $15 per hour. (Ho Dec. ¶3) Krausslach's total possible recovery for the one hour that was deducted from his hours worked is $22.50, which doubles to $45 when accounting for liquidated damages.

6. Krausslach's final FLSA claim is that he is entitled to be paid for the time period between when he punched in and his handwritten start times, and for the time period between his handwritten end times and when he punched out. (Docket #13, ¶¶41-43) In his initial disclosures, Krausslach computed his total recovery on this claim, including 100% liquidated damages, to be $306.89. (Ho Dec. ¶4) As the parties' arguments on conditional certification show, Restoration Holdings vigorously disputes its liability on this claim.

7. Nonetheless, even if Krausslach achieves a full recovery and full liquidated damages on each of his FLSA claims, his total recovery is $3,287.55; so that the settlement payment to Krausslach of $5,000 pays him more than 100% of the FLSA wages and liquidated damages that he is seeking in this lawsuit. The additional approximately $1,700 that the Settlement Agreement pays to Krausslach accounts for his claims that he is entitled to a $250 retention bonus (Docket #13, ¶¶55-56); and that he is entitled to additional straight time pay and liquidated damages for the deductions that Restoration Holdings made from his pay for the biweekly period of February 27, 2022 through March 12, 2022. (Docket #13, ¶¶59-62) The parties are not seeking Court approval for these aspects of their settlement agreement.

8. The parties have agreed to resolve Krausslach's individual FLSA claims against both Restoration Holdings and Todd Frank. Assuming this Court approves the settlement agreement, Restoration Holdings will make payment as provided for in the settlement agreement,

and within ten (10) business days thereafter, the parties will file a joint stipulation seeking a dismissal of this lawsuit with prejudice under Fed. R. Civ. P. 41(a)(1).

WHEREFORE, the Parties respectfully move the Court to:

1. Approve the parties' settlement of the Fair Labor Standards Act claims that Krausslach has advanced against Restoration Holdings and Todd Frank; and

2. Once a Joint Stipulation is filed, dismiss all claims that Krausslach has advanced against Restoration Holdings and Todd Frank with prejudice.

Respectfully submitted this 11th day of September, 2023.

/s/Yingtao Ho
YINGTAO HO
Wisconsin State Bar No. 1045418
The Previant Law Firm, s.c.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Phone 414/271-4500
Fax 414/271-6308
yh@previant.com

Attorneys for Plaintiff


/s/ Oyvind Wistrom
Oyvind Wistrom
State Bar No. 1024964
LINDNER & MARSACK, S.C.
411 East Wisconsin Avenue
Suite 1800
Milwaukee, WI 53202-4498
Phone: 414-273-3910
Email: owistrom@lindner-marsack.com

Attorneys for Defendants